**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7786**

———————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

MICHAEL LAWRENCE BRANCH,

       Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:05-cr-00016-CCB-1; 1:10-cv-00079-CCB)

———————

Submitted: March 17, 2016         Decided: March 22, 2016

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael Lawrence Branch, Appellant Pro Se. Allen F. Loucks, Assistant United States Attorney, Andrea L. Smith, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lawrence Branch appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from judgment with respect to the denial of his previously filed 28 U.S.C. § 2255 (2012) motion. We have reviewed the record and conclude that Branch's motion was not a true Rule 60(b) motion, but was, in substance, a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2005); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). Branch therefore is not required to obtain a certificate of appealability to appeal the district court's order. McRae, 793 F.3d at 400. In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear Branch's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Additionally, we construe Branch's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be
> sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Branch's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED